UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

MICHLYNN O'DELL,

  Plaintiff, pro se,

v.

MIROMAR LAKES GOLF AND BEACH CLUB,

  Defendant.

Case No.: 2:25-CV-929-KCD-DNF

## COMPLAINT FOR SEX DISCRIMINATION, SEXUAL HARASSMENT, AND RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

Plaintiff, Michlynn O'Dell ("Plaintiff"), for her complaint against Defendant, Miromar Lakes Golf and Beach Club ("Defendant"), states as follows:

### I. JURISDICTION AND VENUE

1. This is an action for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended.

2. Jurisdiction is proper under 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3).

3. Venue is proper in the Middle District of Florida, Fort Myers Division, because the alleged unlawful employment practices occurred in Lee County, Florida.

### II. PARTIES

4. Plaintiff is a resident of Fort Myers, Florida, and was employed by Defendant as a bartender.

5. Defendant, Miromar Lakes Golf and Beach Club, is a Florida corporation located in Fort Myers, Florida, and employs more than 15 persons.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), Charge No. 510-2025-00438, alleging sex discrimination, sexual harassment, and retaliation.

7. On or about July 18, 2025, the EEOC issued Plaintiff a Notice of Right to Sue, which was received by email the same day.

8. This Complaint is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

**IV. STATEMENT OF FACTS**

9. Plaintiff began her employment with Defendant around May 2021 as a Bartender under the supervision of Gina Pepe.

10. Plaintiff performed her duties satisfactorily and was not subject to any disciplinary action during her employment.

11. Beginning around May 2022, Plaintiff was subjected to unwanted and inappropriate touching and sexual harassment by coworker Michelle Godoyo, including on one occasion being slapped on the buttocks.

12. Plaintiff reported this behavior in February 2024 to her supervisor, Gina Pepe, who forwarded the complaint to Human Resources (Jennifer Archambault).

13. Despite Plaintiff's complaint, no remedial action was taken by Defendant to stop the harassment.

14. On or about October 2024, shortly after making her protected complaint, Plaintiff was terminated by Ken McMaster, General Manager.

15. Plaintiff believes her termination was in retaliation for reporting sexual harassment and that she was discriminated against based on her sex.

**V. CLAIMS FOR RELIEF**

COUNT I – SEXUAL HARASSMENT / SEX DISCRIMINATION

16. Plaintiff incorporates by reference the preceding paragraphs.

17. Defendant subjected Plaintiff to unwelcome sexual conduct and failed to take prompt and appropriate corrective action after receiving notice of the harassment, in violation of Title VII.

18. Defendant's conduct created a hostile work environment based on Plaintiff's sex.

COUNT II – RETALIATION

19. Plaintiff incorporates by reference the preceding paragraphs.

20. Plaintiff engaged in protected activity by reporting sexual harassment to management and Human Resources.

21. Defendant unlawfully terminated Plaintiff in retaliation for engaging in that protected activity, in violation of Title VII.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Judgment in her favor and against Defendant;

B. Back pay and front pay;

C. Compensatory and punitive damages;

D. Costs of this action and reasonable attorney's fees (if applicable);

E. Any other relief the Court deems just and proper.

Respectfully submitted,

*Michlynn O'Dell*
Michlynn O'Dell
10070 Via Colomba Circle
Fort Myers, FL 33966
Phone: (239) 258-2510
Pro Se Plaintiff
Date: October 14, 2025