UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHLYNN O'DELL,
          Plaintiff,                    Case No. 2:25-CV-929-KCD-DNF

    v.

MIROMAR LAKES GOLF AND
BEACH CLUB,
          Defendant,
_____/

## ORDER

Before the Court is Defendant Miromar Lakes Golf Club, LLC's Motion to Dismiss. (Doc. 10.)[1] Plaintiff Michlynn O'Dell has responded (Doc. 11), making this matter ripe. As explained below, the Golf Club's motion is **DENIED without prejudice**.

## I. Background

O'Dell worked as a bartender for the Golf Club. (Doc. 1 ¶ 9.) She claims a colleague sexually harassed her and she was fired for reporting it to her supervisor. (*Id*. ¶¶ 11-15.) She now sues under Title VII of the Civil Rights Act of 1964. (*Id*.) O'Dell is pro se and proceeding *in forma papueris*. (*Id*. at 3; Doc. 7.) Because of that status, the United States Marshal Service was tasked with serving the summons and complaint. (Doc. 7 at 4.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

O'Dell filled out the paperwork, listing her former employer as the "Miromar Lakes Golf and Beach Club." (Doc. 8.) And she provided an address on Corkscrew Road in Estero, Florida. (*Id.*) But things went awry upon delivery. The return of service provides that no entity by that exact name was found at the address. (Doc. 9.) Ultimately, the Marshals served the papers at a different address, and on a different corporate entity entirely. (*Id.*; Doc. 10 at 16.)

The Golf Club subsequently appeared in this Court to move for dismissal. Among other arguments, it contends that the process was deficient and the service was insufficient. (Doc. 10.)

## II. Discussion

Federal Rule of Civil Procedure 4(c) requires that defendants be served with the summons and a copy of the complaint. When the paperwork or delivery is deficient, Rule 12(b) allows a defendant to ask the court to dismiss the case. *See* Fed. R. Civ. P. 12(b)(4), (5); *see also Smith v. Lifeline Animal Project, Inc.*, No. 1:22-CV-2325-SEG, 2024 WL 1243022, at *2 (N.D. Ga. Feb. 16, 2024).

The Golf Club first complains about the paperwork. It points out that the summons names "Miromar Lakes Golf and Beach Club," when the entity's actual legal name is "Miromar Lakes Golf Club, LLC." True enough. But "[a]s a general rule, the misnomer of a corporation in a summons is

2

immaterial if it appears that it could not have been, or was not, misled." *Port Charlotte Lodge '35;2507 Ord. of the Sons of Italy in Am., Inc. v. Westchester Surplus Lines Ins. Co.*, No. 2:24-CV-40-SPC-NPM, 2024 WL 639795, at \*2 (M.D. Fla. Feb. 15, 2024). And the Golf Club was not misled here. It recognizes O'Dell as a former employee and knows perfectly well what this lawsuit is about. Defendants "should not be permitted to take advantage of a mere misnomer that injured no one." *Grandey v. Pac. Indem. Co.*, 217 F.2d 27, 29 (5th Cir. 1954). The mistake here is of little consequence and does not render the process legally defective. *Port Charlotte Lodge*, 2024 WL 639795, at \*2; *see also Mcgee v. Cook*, No. 8:09-CV-2543-T-27TGW, 2011 WL 1365024, at \*2 (M.D. Fla. Apr. 11, 2011) ("[S]ervice of process is not legally defective simply because the complaint misnames the defendant in some insignificant way.").

The Golf Club also protests out that the paperwork contains the wrong address. But the summons reflects the exact address the Club itself keeps on file with the Florida Division of Corporations.[2] Florida corporations are required to keep their registered agents' addresses current with the State.

---

[2] *See* Sunbiz.org, https://search.sunbiz.org/Inquiry/corporationsearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=MIROMARLAKESGOLFCLUB%20L110001427780&aggregateId=flal-l11000142778-f8fb6b11-2d68-412a-b510-a827d79a7506&searchTerm=MIROMAR%20INVEST%2C%20LLC&listNameOrder=MIROMARINVEST%20L170002088490 (last visited Mar. 25, 2026). "[B]ecause the Sunbiz [f]iling is publicly available on the Florida Department of State's website, at www.sunbiz.org, the Court may take judicial notice of such records." *Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1082 (S.D. Fla. 2019).

3

*See* Fla. Stat. § 48.091; *Ganpat v. Aventure Inv. Realty*, Inc., No. 20-60816-CIV, 2021 WL 2814922, at *8 (S.D. Fla. May 7, 2021) (finding defendant failed to comply with § 48.091 by not updating its registered address). It thus isn't clear how this address is inaccurate or what other address would have been proper.

Turning to the delivery issue, the Court ultimately agrees that service is lacking here. "Service of process is a jurisdictional requirement," meaning a court lacks jurisdiction over an unserved entity. *Pardazi v. Cullman Medical Center*, 896 F.2d 1313, 1317 (11th Cir. 1990). "Without jurisdiction, the court can neither pass judgment on the case's merits nor dismiss it with prejudice." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990). The Golf Club was never served with the summons and complaint—a different corporation was. And although the Golf Club ultimately learned of O'Dell's lawsuit, its "actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Still, the Court does not find dismissal appropriate here. For one, courts generally quash service and give plaintiffs a re-do "[w]hen service is insufficient but curable." *Hoffman v. Jimenez*, No. 2:25-CV-131-JLB-KCD, 2025 WL 1727901, at *2 (M.D. Fla. June 13, 2025); *see also Gaston v. City of Leesburg*, No. 5:22-CV-409-WFJ-PRL, 2024 WL 4040830, at *3 (M.D. Fla. Sept. 4, 2024). Also, it was the United States Marshal—not O'Dell—who

4

failed to serve the Golf Club. So punishing her for such a mistake is hardly fair. *See Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1287-88 (11th Cir. 2009). The Court will therefore deny the motion to dismiss without prejudice and quash service. The Golf Club remains free to raise its other arguments once service is properly squared away. *See Merritt v. Knowles*, No. 6:24-CV-1365-JSS-DCI, 2025 WL 949403, at *3 (M.D. Fla. Mar. 28, 2025) (denying motion to dismiss for failure to state a claim and allowing its renewal if the plaintiff perfected service); *Atl. Aerospace Trading. Inc. v. Endurance Assurance Corp.*, No. 24-61061-CIV, 2024 WL 5263835, at *2 (S.D. Fla. Aug. 16, 2024) ("The Court does not address Defendant's motion to dismiss for failure to state a claim or motion to strike Plaintiff's demand for attorneys' fees and will deny the motion without prejudice to Defendant filing a such a motion if and when Plaintiff perfects sufficient service of process upon Defendant."); *Symington v. BVAJ Marine*, LTD., No. 20-60761-CIV, 2020 WL 13412810, at *1 (S.D. Fla. Aug. 5, 2020) ("Because Defendant is not properly before the Court, it is premature to consider Defendant's motion to dismiss for failure to state a claim.").

All that said, the lingering confusion over where the Golf Club is actually located could further stall this litigation before it even begins. There is an easy way around that problem. The Federal Rules of Civil Procedure impose on defendants a clear duty "to avoid unnecessary expenses of serving

the summons." Fed. R. Civ. P. 4(d)(1)(A). Since it appears the Golf Club was never handed a waiver-of-service form, the Court provides one here. If the Golf Club refuses to sign it, the Court will have no choice but to order the United States Marshal to make another attempt at personal service. But the Golf Club should bear in mind that the Marshal may well seek to collect the costs of that second trip. *See* 28 U.S.C. § 1921(a)(1)(G).

For the reasons above, Defendant's Motion to Dismiss (Doc. 10) is **DENIED without prejudice**. Service is **QUASHED** and the Clerk is **DIRECTED** to send a copy of this Order with the attached waiver-of-service and notice-of-lawsuit forms, along with the operative complaint (Doc. 1) to Defendant **Miromar Lakes Golf Club, LLC** at **10801 Corkscrew Road Suite 305, Estero, Florida 33928**. If no waiver is returned, the Court will again direct service and consider imposing costs.

**ORDERED** in Fort Myers, Florida on March 26, 2026.

Kyle C. Dudek
United States District Judge

6