UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHLYNN O'DELL,

Plaintiff,

v.

Case No. 2:25-cv-929-KCD-KRH

MIROMAR LAKES GOLF AND BEACH CLUB,

Defendant,
_______________________________/

**ORDER**

This case was dismissed after Plaintiff Michlynn O'Dell missed a hearing and ignored several orders. (Doc. 48.) She now wants a do-over. She claims she never received notice of the hearing and subsequent orders, so her case should be reopened under Federal Rules of Civil Procedure 59(e) and 60(b). (Doc. 48.)

The Court is not convinced. While pro se plaintiffs are afforded a measure of leeway, they still must follow "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). And those rules demand basic diligence.

Measured against that standard, Plaintiff's excuses fall flat. The Court promptly mailed each notice and order to the address *she provided*. Yet she failed to appear at her scheduling conference and ignored the subsequent show-cause order. Plaintiff also had a separate duty to file a disclosure

statement, which she likewise ignored despite two court orders spanning multiple months. Plaintiff tries to brush off her noncompliance as an unknowing mistake. But her claim of ignorance strains credulity because the very moment the Court dismissed her case, she showed up at the courthouse. (Doc. 48 at 3.) That rapid-fire response suggests she was perfectly alert to what was happening all along, choosing to ignore the docket only when it demanded her compliance. And to the extent Plaintiff did not actually receive the Court's orders, she still had an independent duty to monitor the docket and track impending deadlines and filings. None of that was done here.

To reopen a case for "excusable neglect," like sought here, a party must actually show that its neglect was excusable. *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996). Turning a blind eye to the docket and ignoring the Court's order for months does not come close to meeting that bar. Because Plaintiff has offered no facts to justify her chronic failure to comply with the Court's orders, her Motion to Vacate Order of Dismissal, Reopen Case, and for Relief from Judgment (Doc. 48) is **DENIED**.

**ORDERED** in Fort Myers, Florida on August 14, 2026.

Kyle C. Dudek
United States District Judge